**Marvin K. HAMMON, et al., Appellant,**

v.

**Marion BARRY, Mayor, D.C., et al.,
and Consolidated Cases 85–5670
and 85–5671, Appellee.**

**Nos. 85–5669, 85–5670 and 85–5671.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 20, 1987.

Before: WALD, Chief Judge,
ROBINSON, MIKVA, EDWARDS, R.B.
GINSBURG, BORK, STARR,
SILBERMAN, BUCKLEY, WILLIAMS,
D.H. GINSBURG and SENTELLE,
Circuit Judges.

* Judge Sentelle did not participate in the vote on

**ORDER**

PER CURIAM.

Appellants' suggestions for rehearing *en banc* have been circulated to the full Court. The taking of a vote thereon was requested. Thereafter, a majority of the judges of the Court in regular active service voted in favor of the suggestions.* Upon consideration of the foregoing, it is

ORDERED, by the Court *en banc,* that appellants' suggestions are granted and these cases will be reheard by the Court sitting *en banc.*

It is FURTHER ORDERED by the Court *en banc,* on its own motion, that the rehearing *en banc* shall be limited to the following issues:

(1) What is the meaning of "manifest imbalance" under *Johnson v. Transportation Agency,* — U.S. ——, 107 S.Ct. 1442, 94 L.Ed.2d 615 (1987)? What is the proper application of that test in the instant case?

(2) Are there any constitutional claims properly before the court? If so, must these claims be reached?

(3) If there are constitutional claims to be reached, should they be addressed in the first instance by this court or the District Court?

(4) In considering any constitutional claims that may be at issue, the following questions must be addressed:

  (a) What factual predicate is required for an affirmative action plan to pass muster under the Constitution?

  (b) Is the required factual predicate a "strong basis in evidence," *Wygant v. Jackson Board of Education,* 476 U.S. 267, 106 S.Ct. 1842, 90 L.Ed.2d 260 (1986)? If so, what is the meaning of that test?

  (c) Is the required factual predicate something other than a "strong basis in evidence"? If so, what is the meaning of the alternative test?

(5) What deference does this court owe to the findings of the District Court under Title VII and the Constitution?

whether to rehear these cases.

(6) What are the parties' respective burdens of proof under Title VII and the Constitution?

The parties' briefs and oral arguments should focus specifically on the foregoing questions and no others. Although these questions will be fully considered, the parties are advised that the court may not find occasion to reach all of these issues raised thereby.

Oral arguments will be heard by the court sitting *en banc* on Wednesday, May 4, 1988, starting at 9:30 a.m. The parties shall file simultaneous briefs on or before March 9, 1988. Reply briefs may be filed by April 6, 1988. The initial briefs shall not exceed 40 typewritten pages. Reply briefs shall be limited to 10 typewritten pages.

---

* Judge Sentelle did not participate in the vote on whether to rehear these cases.